THOMAS W. BURBAGE, PLAINTIFF v. ATLANTIC MOBILEHOME SUPPLIERS CORPORATION, DEFENDANT AND THIRD-PARTY PLAINTIFF v. REESE PRODUCTS, INC., THIRD-PARTY DEFENDANT

No. 7429DC153

(Filed 5 June 1974)

1. **Uniform Commercial Code § 15— implied warranty of merchantability — burden of plaintiff claiming breach**

   In asserting a claim under G.S. 25-2-314 for breach of an implied warranty of merchantability a plaintiff must prove the giving of the warranty, the breach of that warranty, and damages resulting to him as a proximate result of the breach.

2. **Uniform Commercial Code § 20— trailer hitch — implied warranty of merchantability — insufficient evidence of breach**

   In an action for breach of an implied warranty of merchantability based upon an alleged defect in a trailer hitch manufactured by third-party defendant and installed by third-party plaintiff, the trial court erred in denying third-party plaintiff's motion for a directed verdict since plaintiff's evidence was sufficient to raise only a conjecture as to whether an improperly loaded or balanced trailer caused a trunnion on the hitch to break, whether the trunnion itself was defective, or whether the accident was caused by another force.

APPEAL from *Gash, District Court Judge,* 10 September 1973 Session of TRANSYLVANIA County District Court. Argued in the Court of Appeals 20 March 1974.

The plaintiff, Thomas W. Burbage (Burbage), brought suit against Atlantic Mobilehome Suppliers Corporation (Atlantic) and Reese Products, Inc. (Reese), alleging that a trailer hitch manufactured by Reese and sold by Atlantic broke while the plaintiff was towing his trailer. The trailer hitch was purchased and installed in North Carolina, and the accident took place in Tennessee. In a special appearance, Reese moved to dismiss on the grounds that it had not been properly served.

This motion was allowed on 3 March 1972. On 21 March 1972, Atlantic moved that it be allowed to file a third party indemnification complaint against Reese. On 24 March 1972, the motion of Atlantic was allowed and Reese was properly served. Whereupon, Reese moved that the third party action against it be dismissed on the grounds that the court lacked jurisdiction and on the further grounds that the statute of limitations had run. Without deciding the question of jurisdiction, the court on 9 March 1973, allowed Reese's motion to dismiss on the grounds that the three year statute of limitations had run before the third party action was filed against Reese. No appeal was noted from this ruling.

The action was tried at the 10 September 1973 Session of Transylvania County District Court. Reese did not participate. A verdict was rendered in favor of Burbage against Atlantic. Atlantic gave notice of appeal and attempted also to appeal the dismissal of the action as against Reese on 9 March 1973.

The plaintiff's evidence tended to show that on 24 October 1966, he went to the sales room of Atlantic for the purpose of purchasing a trailer hitch with which to pull his 3,500 pound trailer. After describing his car and his trailer to the sales person on duty, he purchased a Reese Travel-Lite trailer hitch. He then took the hitch to the Spring Welding Company in Greensboro and had it welded to his car. The day after the hitch was installed, the plaintiff hooked up his trailer and started on a a trip. After driving almost to Knoxville, Tennessee, the plaintiff heard a loud bang, and the car was shaken violently. The trailer turned over, doing considerable damage to the trailer and the rear of the car. The road conditions were favorable at the time of the accident, and the plaintiff had no warning until the loud noise was heard. The plaintiff discovered that a trunnion on the hitch had broken. The plaintiff further testified that there was a black mark on the trunnion near the place where the break occurred.

The plaintiff admitted that he had not read the instructions on the use of the trailer hitch. He testified that he did know that the proper tongue weight of a trailer was between 10 and 15 percent of the gross weight. He did not know the weight of his trailer, but he did know that the tongue weight was light enough that he was able to pick the tongue up and place it on the hitch. No evidence was presented concerning the manner in which the hitch was welded to the car. The plaintiff

offered no evidence other than his testimony and the broken trunnion, which was introduced into evidence.

At the conclusion of the plaintiff's evidence, the defendant Atlantic moved for a directed verdict. This motion was denied. Atlantic presented no evidence, and the matter was submitted to the jury. From a verdict in favor of the plaintiff, the defendant Atlantic gave notice of appeal.

*Ramsey, Hill, Smart and Ramsey by Allen Van Turner for plaintiff-appellee.*

*Morris, Golding, Blue and Phillips by James F. Blue III for defendant-appellant.*

*Roberts and Cogburn by Landon Roberts for third party defendant-appellee.*

CARSON, Judge.

[1]   The plaintiff bases his claim upon the breach of an implied warranty by defendant Atlantic. In 1965, when North Carolina enacted the Uniform Commercial Code, the long accepted concept of implied warranty in sales transactions was codified. G.S. 25-2-314 provides an implied warranty of merchantability with respect to goods sold by merchants. In order to effectively assert a claim under the statute, the plaintiff must prove the giving of the warranty, the breach of that warranty, and damages resulting to him as a proximate result of the breach. *Douglas v. Mallison*, 265 N.C. 362, 144 S.E. 2d 138 (1965); Uniform Commercial Code, White and Summers, Sec. 9-1, p. 272 (1972). We do not feel that the plaintiff has satisfied this burden.

In the case of  *Hanrahan v. Walgreen Co.*, 243 N.C. 268, 90 S.E. 2d 392 (1955), the plaintiff brought an action for breach of warranty against the retailer of a hair rinse which she alleged caused damage to her scalp. No analysis of the hair rinse was made. The only showing was the use of the rinse and a severe scalp infection which followed. In affirming the non-suit granted to the defendant at the close of the plaintiff's evidence, the court held that the mere use of the product and the damage were insufficient to submit the matter to the jury. Without an analysis of what was in the hair rinse and what effect it had on the plaintiff, the cause of the damages was purely speculative, and the suit was properly dismissed.

[2]   In the instant case the plaintiff admitted that he did not read the instructions furnished with the trailer hitch. He further admitted that he knew the tongue weight should be between 350 and 525 pounds, but he stated that he picked up the tongue and placed it on the ball. Whether the breaking of the trunnion was caused by a defect in the part, or by the improper load distribution or connection, is pure speculation and should not have been submitted to the jury. The only evidence presented was the testimony of the plaintiff and the trunnion itself. No evidence was presented as to why the trailer hitch broke. No expert or opinion testimony was given concerning the suitability of the trailer hitch. The plaintiff contends that a layman would know from experience that steel is of uniform consistency and color, that it sometimes contains processed impurities, that impurities render steel less resilient and more brittle, that manufacturers of steel products use steel which provides a minimum margin of strength to meet product stresses, and that steel products which contain impurities may not be sufficiently strong to meet such stresses. However, these matters are not common knowledge and cannot be inferred without competent evidence. It is only conjecture as to whether the improperly loaded or balanced trailer caused the trunnion to break, whether the trunnion was defective, or whether the accident was caused by another force. This matter should not have been submitted to the jury, and the defendant's motion for a directed verdict should have been allowed.

Because the motion for a directed verdict should have been granted to the defendant, it is not necessary to decide the third party defendant's questions concerning lack of jurisdiction and running of the statute of limitations. The judgment is reversed.

Judges BRITT and HEDRICK concur.