GERALDINE MAYBANK, Plaintiff v. S. S. KRESGE COMPANY, Defendant and Third Party Plaintiff v. G.T.E. SYLVANIA, INC., Third Party Defendant

No. 7918SC1033

(Filed 20 May 1980)

1. **Negligence § 5; Sales § 23— exploding flashcube—no strict liability**

    The doctrine of strict liability does not apply in an action to recover for injuries from an exploding flashcube since the doctrine applies only in cases involving dangerous instrumentalities, and a flashcube is not a dangerous instrumentality.

2. **Negligence § 31; Sales § 22.2— exploding flashcube—failure to show negligence by seller—res ipsa loquitur inapplicable**

    In an action to recover for injuries resulting from the explosion of a flashcube sold to plaintiff by defendant, plaintiff failed to show negligence on defendant's part where she offered no evidence of similar occurrences, and the doctrine of *res ipsa loquitur* was inapplicable since defendant did not have exclusive control and management over the flashcube.

3. **Sales § 5.1— no express warranty of flashcube**

    A cautionary warning on a package of flashcubes about damaged bulbs shattering or causing static electricity and directions on how to get a replacement when a bulb failed to flash did not constitute an express warranty of the flashcube.

4. **Sales § 6.1; Uniform Commercial Code § 12— exploding flashcube—breach of warranty of merchantability**

In an action to recover for injuries resulting from the explosion of a flashcube sold to plaintiff in defendant's store, plaintiff's evidence was sufficient for the jury on the issue of defendant's breach of implied warranty of merchantability where it tended to show that plaintiff purchased the flashcube in a sealed package and placed it in her purse where it remained for about nine days before use; at the time of use one flashcube with four flashes contained in the same package was used without incident; the flashcube which exploded was then placed on the camera and exploded when used the first time; the flashcube did not appear defective or abnormal at any time from when purchased to when used; nothing occurred between the purchase and use to indicate that plaintiff mishandled, damaged or altered the flashcube; and the camera was used with flashcubes without problems both before and after the explosion. G.S. 25-2-314(2).

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 5 June 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 April 1980.

Plaintiff brought this action for damages resulting from the explosion in her face of a Blue Dot flashcube manufactured by G.T.E. Sylvania, Inc. and sold to plaintiff by defendant. Plaintiff pled causes of action for negligence, strict liability and breach of warranty. Defendant's third party action against the manufacturer was severed for trial at a later date.

Plaintiff, a Greensboro, North Carolina resident, made a trip to New York City in July, 1972 to visit her son and her two-year-old grandson. For the trip, she borrowed her daughter's Argus camera, which was about three years old. Two days before she left for New York, defendant, trading under the name of K-Mart, sold her a package of G.T.E. Sylvania flashcubes for $.88. The package contained three flashcubes with four flashes on each. On the carton appeared in bold letters the word "caution." Following that were words to the effect that although each bulb is safely coated and the flashcube provides a shield, a damaged cube may shatter. According to testimony, the printing on the carton goes on to say, "If any time a flashbulb contained in a Sylvania tube [*sic*] fails to flash, return the cube to the address below for replacement."

Plaintiff carried the flashcubes to New York in her pocketbook. The package remained sealed from time of purchase until she first began to take pictures of her son's home and her grand-

son about a week after she arrived in New York. On 21 July 1972, she opened the carton and used one of the flashcubes to take four pictures without any problems. She removed the second cube from the package and placed it on the camera. The flashcube in no way appeared abnormal. When she pushed down the camera lever to take a picture of her grandson, the flashcube exploded. The explosion which sounded like a blast of a gun knocked her glasses off and caused cuts in her left eye. Only her two-year-old grandson was with her at the time of the injury. At first, she could not see at all. When her son returned home, about an hour later, he took her immediately to the hospital. She was hospitalized for eight days and was out of work for three weeks because of the injury. Her vision, which is still not as good as before the accident, improved some. She continued to see doctors after her release from the hospital. The camera has been used since without incident.

At the close of plaintiff's evidence, on motion of defendant, the court directed a verdict for defendant. Plaintiff appeals.

*Barefoot and White, by J. C. Barefoot, Jr., for plaintiff appellant.*

*Smith, Moore, Smith, Schell and Hunter, by J. Donald Cowan, Jr., for defendant and third party plaintiff appellee.*

VAUGHN, Judge.

The sole question of this appeal is whether a directed verdict was erroneously entered for defendant. Considering the evidence under the standard set forth in *Kelly v. Harvester Company,* 278 N.C. 153, 179 S.E. 2d 396 (1971), the evidence, in a light most favorable to plaintiff, was sufficient to carry the case to the jury on the claim of breach of an implied warranty but insufficient to carry the case to the jury on the claims of breach of an express warranty, negligence and strict liability. The trial court erred in directing a verdict on the claim of breach of an implied warranty.

[1]   Thus far, our Court has not applied the doctrine of strict or absolute liability to products liability actions. A plaintiff's claim must be based on negligence or breach of warranty. *Fowler v. General Electric Co.,* 40 N.C. App. 301, 252 S.E. 2d 862 (1979). The doctrine of strict liability applies only in cases involving

dangerous instrumentalities such as explosives. A flashcube is not a dangerous instrumentality per se nor under the circumstances of this case, albeit an exploding flashcube, can we say it became a dangerous instrumentality for which the seller was absolutely liable. *Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974); *Patterson v. Weatherspoon*, 29 N.C. App. 711, 225 S.E. 2d 634, *cert. den.*, 290 N.C. 662, 228 S.E. 2d 453 (1976).

[2] Plaintiff stated a cause of action for negligence but at trial offered no direct or indirect evidence of negligence on the part of the defendant seller. Plaintiff could have established a jury question on the issue of negligence by showing similar occurrences. No such proof was presented. Negligence is not established by the showing of one faulty product. *Tedder v. Bottling Co.*, 270 N.C. 301, 154 S.E. 2d 337 (1967). The doctrine of *res ipsa loquitur* is inapplicable to the case at hand because defendant did not have exclusive control and management over the flashcube. *Jackson v. Gin Co.*, 255 N.C. 194, 120 S.E. 2d 540 (1961).

[3] The record on appeal is not clear about the existence of any express warranty on the part of the defendant seller nor the manufacturer. From the record, there appears to be no applicable express warranty by defendant. Plaintiff, on cross-examination, did read several sentences from the package in which the flashcubes came. These sentences do not appear to constitute a limited express warranty. Apparently, the package contained a cautionary warning about damaged bulbs shattering or causing static electricity and directions on how to get a replacement when a bulb failed to flash. The package itself was not made a part of the record on appeal and the actual wording is not before us. The evidence in the record does not indicate the existence of any limited or modified warranty. *See* G.S. 25-2-316; -719. There is no indication of any implied warranty of fitness for a particular purpose arising on the facts of this case. *See* G.S. 25-2-315.

[4] This case, therefore, hinges on whether plaintiff presented evidence sufficient to get to the jury on the existence of implied warranty of merchantability which was breached by the defendant seller. "Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for sale if the seller is a merchant with respect to goods of that kind." G.S. 25-2-314(1).

[A]n action for breach of implied warranty of merchantability under G.S. 25-2-314 . . . entitles a plaintiff to recover without any proof of negligence on a defendant's part where it is shown that (1) a merchant sold goods, (2) the goods were not "merchantable" at the time of sale, (3) the plaintiff (or his property) was injured by such goods, (4) the defect or other condition amounting to a breach of an implied warranty of merchantability proximately caused the injury, and (5) the plaintiff so injured gave timely notice to the seller.

*Reid v. Eckerds Drug*, 40 N.C. App. 476, 480, 253 S.E. 2d 344, 347, *cert. den.*, 297 N.C. 612, 257 S.E. 2d 219 (1979). It is the plaintiff's burden to prove this claim. G.S. 25-2-607(4); *Burbage v. Suppliers Corp.*, 21 N.C. App. 615, 205 S.E. 2d 622 (1974). We now consider whether the evidence in a light most favorable to plaintiff proved the essential elements of her claim for relief.

Plaintiff purchased the package of flashcubes for $.88 from defendant's K-Mart store. Defendant was a merchant within the definition of that term in the Uniform Commercial Code as provided in the first clause of G.S. 25-2-104(1). Defendant sold the flashcube to plaintiff and "is a merchant with respect to goods of that kind." G.S. 25-2-314(1).

Whether the flashcube was merchantable can be resolved in part by examining G.S. 25-2-314(2) which provides that

Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which the goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmations of fact made on the container or label if any.

These are the minimum standards which a good must have in order to be merchantable. A flashcube which does not work properly and which causes the unexpected harm this flashcube caused is not merchantable. A flashcube can "pass without objection," be "of fair average quality" and "fit for ordinary purposes" and be far short of perfect. But these minimum requirements embodied in G.S. 25-2-314(2)(a)(b)(c) are not met by a flashcube which explodes. *Contrast Coffer v. Standard Brands*, 30 N.C. App. 134, 226 S.E. 2d 534 (1976). Such a flashcube is not "within the variations permitted by the agreement." The package contained a warning of possible shattering of a flashcube. The warning of possible shattering or static electricity does not mean that an exploding flashcube has been "adequately contained, packaged and labeled" or that it "conform[ed] to the promises or affirmations of fact made on the container." This was not an adequate warning of the consequences of this case. A flashcube which shatters might be merchantable. An exploding flashcube is not, however, merchantable. The attributes listed in G.S. 25-2-314(2) are not exclusive nor exhaustive. The evidence of this case is to the effect that the attributes of merchantability found in subsection (2) of G.S. 25-2-314 were not present in the flashcube. This is sufficient proof that the flashcube was not merchantable to reach the jury.

It is not sufficient that plaintiff prove the flashcube was not merchantable. The evidence must establish that the flashcube was not merchantable at the time of sale. *Rose v. Motor Sales*, 288 N.C. 53, 215 S.E. 2d 573 (1975). The evidence presented by plaintiff was to the effect that she purchased the flashcube in a sealed package, placed it in her purse where it remained for about nine days before use and that at the time of use one flashcube with four flashes contained in the same package was used without incident and that the flashcube which exploded was then placed on the camera and exploded when used the first time. The flashcube did not appear defective or abnormal at any time from when purchased to when used. Plaintiff could not recover if it is merely conjectural that the defect existed at the time of sale. In this case where the defective product was enclosed in its original container until use and nothing occurred between the purchase and use of the product which would indicate that plaintiff mishandled,

damaged or altered the product, the evidence does not compel a finding that the product was not merchantable at the time of sale but the evidence is sufficient to permit a reasonable inference to the effect that the flashcube was not merchantable at the time of sale. It is, therefore, a matter of fact for the jury to decide and not a matter of law for the trial court.

There is no question that plaintiff has proved injury to her person which is a compensable consequential damage for breach of an implied warranty of merchantability. G.S. 25-2-715(2)(b). It need not be foreseeable injury as long as it proximately results from the breach of the warranty.

This brings us to the fourth element of plaintiff's claim for breach of an implied warranty which is that the defect amounting to a breach of the implied warranty of merchantability proximately caused the injury. Plaintiff's evidence is to the effect that the camera was used previously and subsequently with flashcubes without problems and that the flashcube contained no visible defects. The evidence does not show any action on the part of the buyer following delivery of the flashcubes by the defendant seller which would demonstrate the loss resulted from some action by the plaintiff buyer. The evidence does not show that carrying the flashcubes in the pocketbook or that the camera was the proximate cause of the injury. In a light most favorable to the plaintiff, the defective flashcube proximately caused plaintiff's injury.

Finally, an injured buyer must give notice to the seller of the breach of the warranty. G.S. 25-2-607(3)(a). Plaintiff testified that she did not inform defendant on her return from New York of the injury. The suit itself appears to be the first notice of the breach to defendant. Defendant, however, has not asserted failure to give notice as an affirmative defense and it is, therefore, deemed waived. *Reid v. Eckerds Drugs*, 40 N.C. App. at 485, 253 S.E. 2d at 350.

The record, in addition to not disclosing the defense of notice of the breach, does not disclose any other defense such as a proper disclaimer which was not unconscionable, notice to the buyer of the defect nor limitation of action which would defect plaintiff's claim. It was error to direct a verdict for defendant at the close of plaintiff's evidence. Plaintiff made out a prima facie case of breach of an implied warranty of merchantability. Plaintiff's

evidence exceeds mere conjecture in proving defendant sold her a defective product which proximately caused injury to her person.

Reversed and remanded.

Judges CLARK and MARITN (Harry C.) concur.