GERALDINE MAYBANK, PLAINTIFF, v. S. S. KRESGE COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. G.T.E. SYLVANIA, INC., THIRD-PARTY DEFENDANT

No. 109

(Filed 27 January 1981)

1. Uniform Commercial Code § 25— action for breach of warranty — notice to seller — condition precedent

The notice "within a reasonable time" required by G.S. 25-2-607(3)(a) in an action for breach of warranty against the immediate seller is a condition precedent to recovery which must be pled and proved by plaintiff rather than an affirmative defense which must be raised by defendant seller.

2. Uniform Commercial Code § 25— explosion of flashcube — action for breach of warranty — seasonable notice to seller

When the plaintiff in an action for breach of warranty is a lay consumer and notification is given to the defendant seller by the filing of an action within the period of the statute of limitations, and when the applicable policies behind the requirement of notice to the seller have been fulfilled, the plaintiff is entitled to go

to the jury on the issue of seasonable notice to the seller. Therefore, in an action to recover on the theory of breach of warranty of merchantability for injuries resulting from the explosion of a flashcube sold to plaintiff by defendant, plaintiff's evidence was sufficient to go to the jury on the issue of whether plaintiff gave defendant notice "within a reasonable time" where it tended to show that the filing of this suit and accompanying service upon defendant some three years after the explosion was defendant's first notice that the flashcube was defective and had caused injury, that plaintiff was a lay consumer, and that the flashcube which exploded and the carton in which it was purchased were available as evidence at the trial.

Justice MEYER took no part in the consideration or decision of this case.

ON defendant's petition for discretionary review, pursuant to G.S. 7A-31, of a decision of the Court of Appeals, 46 N.C. App. 687, 266 S.E. 2d 409 (1980), reversing directed verdict in favor of defendant entered at the 5 June 1979 Session of Superior Court, GUILFORD County.

By this appeal we consider whether the notice required by G.S. 25-2-607(3)(a) in an action for breach of warranty is a condition precedent to recovery which must be pled and proved by plaintiff or 'whether it is an affirmative defense which must be raised by defendant-seller. On all other points raised by this appeal, we adopt the Court of Appeals' opinion.

*Barefoot & White, by J.C. Barefoot, Jr., for plaintiff-appellee.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr., and Suzanne Reynolds, for defendant-appellant.*

CARLTON, Justice.

I.

Plaintiff brought this action to recover for personal injuries she received when a Blue Dot flashcube exploded in her face while she was taking a picture. Defendant and third-party plaintiff S.S. Kresge Company, trading under the name of K-Mart, sold the flashcube to plaintiff; third-party defendant G.T.E. Sylvania, Inc., manufactured the flashcube. Plaintiff pled causes of action for negligence, strict liability and breach of express and implied warranties. Defendant's third-party claim against the manufacturer was severed for trial at a later date. This appeal involves only plaintiff's claims; the third-party claim is not before us.

At trial, evidence for plaintiff tended to show the following:

Plaintiff, a Greensboro resident, flew to New York in July 1972 to visit her son. On her trip she took an Argus camera, borrowed from her daughter, and a package containing three Blue Dot flashcubes. The flashcubes were purchased for $.88 from defendant approximately two days prior to her departure for New York. The package was sealed with tape. Plaintiff carried the package of flashcubes to New York in her purse.

Approximately one week after her arrival in New York, on 21 July 1972, plaintiff used the camera and flashcubes to take pictures of her grandson at her son's apartment. When the package was opened, none of the cubes appeared to be damaged or broken and "they all looked the same." Plaintiff placed one cube, containing four flashbulbs, on the Argus camera and took four pictures of her grandson without incident. She then removed the second flashcube and placed it on the camera. When she pressed the shutter button, the flashcube exploded. The force of the explosion knocked plaintiff's glasses off and the corner of her left eye was badly cut, causing temporary blindness. Only plaintiff's two-year-old grandson was with her when the accident occurred, and it was not until her son returned home from work approximately one hour later that she was taken to the hospital.

Plaintiff's injuries required that she be hospitalized for one week. After her release from the hospital plaintiff continued to see doctors concerning her eye. She was absent from work for three weeks due to the injury. The injury has continued to affect her use of the eye for reading and it is easily fatigued.

The carton in which the flashcubes were packaged contained the following warning: "CAUTION. Although each bulb is safely coated and flashcube provides shield a damaged cube may shatter . . . ." The carton also contained the following warranty: "If any time a flashbulb contained in a Sylvania tube (sic) fails to flash, return the cube to the address below for a replacement." Plaintiff testified that she had not complained to the manufacturer about the allegedly defective flashcube because her complaint was not that the flashcube failed to flash, but rather that it exploded, and the carton contained no instructions for notification in the event of explosion.

At the close of plaintiff's evidence defendant moved for a directed verdict pursuant to Rule 50, N.C. Rules of Civil Procedure.

Judge Collier granted defendant's motion and plaintiff's action was dismissed with prejudice.

On appeal, the Court of Appeals unanimously reversed the action of the trial court and held that plaintiff's evidence made out a *prima facie* case of breach of an implied warranty of merchantability. However, that court found her evidence insufficient to establish her other claims, and the dismissal of those causes of action was affirmed. Defendant petitioned for discretionary review of the Court of Appeals' decision. We allowed the petition on 15 August 1980.

## II.

Defendant-appellant's main contention in this appeal is that the Court of Appeals erred in holding that plaintiff's evidence was sufficient to establish two essential elements of a breach of an implied warranty of merchantability, namely that the alleged defect existed at the time of the sale of the flashcubes and that the alleged defect was the proximate cause of plaintiff's injuries. We have carefully examined the Court of Appeals' opinion and the briefs and authorities on these points. We find that the result reached by the Court of Appeals, its reasoning and the legal principles enunciated by it to be altogether correct and adopt as our own that portion of the Court of Appeals' opinion dealing with the sufficiency of the evidence to establish a breach of an implied warranty of merchantability. While not presented on this appeal, we also agree with the Court of Appeals that plaintiff's evidence was insufficient to take the case to the jury on the claims of breach of an express warranty, negligence and strict liability. However, we find it necessary to modify that portion of the Court of Appeals' decision concerning the buyer's duty to notify the seller of the breach of warranty.

## III.

[1] The Uniform Commercial Code, codified as Chapter 25 of our General Statutes, provides that a buyer who has accepted goods must notify the seller of any breach within a reasonable time: "Where a tender has been accepted (a) the buyer *must* within a reasonable time after he discovers or should have discovered any breach notify the seller of breach *or be barred from any remedy* . . . ." G.S. § 25-2-607(3)(1965)(emphases added). Although neither party challenged the timeliness of notification on appeal, the Court of

Appeals considered this requirement. It held that failure to give adequate notice is an affirmative defense which defendant here was deemed to have waived because it had not raised the issue. In so holding, that court relied on its decision in *Reid v. Eckerd Drugs, Inc.*, 40 N.C. App. 476, 485, 253 S.E. 2d 344, 350, *cert. denied*, 297 N.C. 612, 257 S.E. 2d 219 (1979). In this portion of its decision, the Court of Appeals erred.

Plaintiff at no time prior to the institution of this suit informed defendant that the flashcube was defective and had caused injury. The filing of the suit and accompanying service upon defendant was its first notice of the breach. We disagree with the Court of Appeals that lack of notification is an affirmative defense and hold that the plaintiff-buyer has the burden of proving compliance with G.S. 25-2-607(3)(a) in an action against the immediate seller.

We think it obvious from the language of the statute that seasonable notification is a *condition precedent* to the plaintiff-buyer's recovery. G.S. § 25-2-607(3); *accord, e.g., Standard Alliance Industries, Inc. v. Black Clawson Co.*, 25 U.C.C. Rep. 65, 587 F. 2d 813 (6th Cir. 1978); *Steel & Wire Corp. v. Thyssen Inc.*, 20 U.C.C. Rep. 892 (E.D. Mich. 1976). Thus, the burden of pleading and proving that seasonable notification has been given is on the buyer. *Standard Alliance Industries, Inc. v. Black Clawson Co.*, 25 U.C.C. Rep. 65, 587 F. 2d 813; *Eastern Air Lines, Inc. v. McDonnell Douglas Corp.*, 19 U.C.C. Rep. 353, 532 F. 2d 957 (5th Cir. 1976); *Steel & Wire Corp. v. Thyssen Inc.*, 20 U.C.C. Rep. 892; *L.A. Green Seed Co. v. Williams*, 6 U.C.C. Rep. 105, 246 Ark. 463, 438 S.W. 2d 717 (1969); *General Matters, Inc. v. Paramount Canning Co.*, 28 U.C.C. Rep. 1031, 382 So. 2d 1262 (Fla. Dist. Ct. App. 1980); *Branden v. Gerbie*, 24 U.C.C. Rep. 152, 62 Ill. App. 3d 138, 379 N.E. 2d 7 (1978). *Contra, Fischer v. Mead Johnson Laboratories*, 12 U.C.C. Rep. 68, 41 App. Div. 2d 737, 341 N.Y.S. 2d 257 (1973) (per curiam) (notice requirement not applicable to retail consumer when claim is for personal injury). Without such proof, any action in warranty against the seller must fail.

[2]  Plaintiff's action was dismissed on a directed verdict motion. We must, therefore, consider whether her evidence, taken in the most favorable light, *e.g., Kelly v. Int'l Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971), is sufficient to go to the jury on the issue of

Maybank v. Kresge Co.

seasonable notice.[1] More specifically, the question is whether plaintiff has made a *prima facie* showing that the notice given here —three years after discovery of the defect by the filing of a suit for breach of warranty — constitutes notification within a reasonable time.

Whether a *prima facie* showing that the notice was given "within a reasonable time" has been made can be determined only by examining the particular facts and circumstances of each case and the policies behind the notice requirement. If plaintiff's evidence shows that the policies behind the requirement have not been frustrated and, instead, have been fulfilled, the evidence is sufficient to withstand a directed verdict motion. *See* J. White & R. Summers, Uniform Commercial Code § 11-10 (2d ed. 1980).

Perhaps the most important policy behind the notice requirement is enabling the seller to make efforts to cure the breach by making adjustments or replacements in order to minimize the buyer's damages and the seller's liability. White & Summers, *supra*, § 11-10; *see L.A. Green Seed Co. v. Williams*, 6 U.C.C. Rep. 105, 246 Ark. 463, 438 S.W. 2d 717. This policy obviously has its greatest application in commercial settings where there is an opportunity to minimize losses. However, in cases where the defective goods have caused personal injury, this policy has no application because the damage has already occurred and is irreversible.

Another policy behind the notice requirement is to afford the seller a reasonable opportunity to learn the facts so that he may adequately prepare for negotiation and defend himself in a suit. White & Summers, *supra*, § 11-10; *see, e.g., Dold v. Sherow*, 220 Kan. 350, 552 P. 2d 945 (1976); *Berry v. G.D. Searle & Co.*, 56 Ill. 2d 548, 309 N.E. 2d 550 (1974). If a delay operates to deprive the seller of a reasonable opportunity to discover facts which might provide a defense or which might lessen his liability, thus defeating the policy behind the notice requirement, the notice might be said not to have been given within a reasonable time.

---

[1] Whether the notice given was seasonable is a question of fact and normally must be determined by the trier of fact. *E.g., L.A. Green Seed Co. v. Williams*, 6 U.C.C. Rep. 105, 246 Ark. 463, 438 S.W. 2d 717. The issue becomes a question of law only when the facts are undisputed and only one inference can be drawn as to the reasonableness of the notice. *E.g., Steel & Wire Corp. v. Thyssen Inc.*, 20 U.C.C. Rep. 892.

The least compelling policy behind the requirement is the same as the policy underlying statutes of limitation: to provide a seller with a terminal point in time for liability. *L.A. Green Seed Co. v. Williams*, 6 U.C.C. Rep. 105, 246 Ark. 463, 438 S.W. 2d 717; White & Summers, *supra*, § 11-10. This policy seems the least compelling because a "reasonable time" is not a point which can accurately be predicted and because the statute of limitations reflects the legislature's judgment as to how long the seller should be subject to suit. This third policy will rarely provide a reason for holding that notice has not been seasonably given.

Equally as germane as the above policies is the proposition that " '[a] reasonable time' for notification *from a retail consumer* is to be judged by different standards so that in his case it will be extended, for the rule of requiring notification is designed to defeat *commercial bad faith*, not to deprive a good faith consumer of his remedy." G.S. § 25-2-607, Official Comment 4 (1965) (emphases added). Thus, in determining whether the notice in the case *sub judice* was, *prima facie*, seasonable, we must balance the counter-vailing policies of providing the seller an opportunity to prepare himself for suit against providing an injured good faith consumer a remedy in the courts.

Although a delay of three years is, undoubtedly, a long time, we are unable to conclude that it is unreasonable as a matter of law under the facts of this case. An injured lay consumer has no reason to know, until he consults a lawyer, that under the terms of the Uniform Commercial Code he is required to give the seller notice that the item sold was not satisfactory. Dean Prosser has aptly stated the dilemma facing the courts in applying this rule:

> Both the Sales Act and the Commercial Code contain provisions which prevent the buyer from recovering on a warranty unless he gives notice to the seller within a reasonable time after he knows or should know of the breach. As between the immediate parties of the sale, this is a sound commercial rule, designed to protect the seller against unduly delayed claims for damages. As applied to personal injuries, and notice to a remote seller, it becomes a booby-trap for the unwary. The injured consumer is seldom "steeped in the business practice which justifies the rule," and at least until he has legal advice it will not occur to him to give notice to one with

whom he has had no dealings.

W. Prosser, Law of Torts §97 at 655 (4th ed. 1971). Fairness to the consumer dictates that he be given a reasonable time to learn of and to comply with this requirement. While three years might conceivably be a *per se* unreasonable delay in a commerical context, differing considerations applicable in retail situations may mean that a delay of three years by a consumer in giving notice to a retail seller is within the bounds of a reasonable time.

The record before us discloses that plaintiff is a lay consumer. Additionally, the flashcube which exploded and the carton in which it was purchased were available as evidence at trial. Taking these facts in the light most favorable to plaintiff, we conclude that plaintiff has made a *prima facie* showing that she gave notice within a reasonable time and that her evidence is sufficient to withstand defendant's directed verdict motion. When the plaintiff is a lay consumer and notification is given to the defendant by the filing of an action within the period of the statute of limitations, and when the applicable policies behind the notice requirement have been fulfilled, we hold that the plaintiff is entitled to go to the jury on the issue of seasonable notice. Defendant may, of course, bring out facts at trial that tend to show plaintiff's "bad faith" or other factors that would support a finding that notice was not seasonably given.

We note that plaintiff's complaint nowhere alleges that adequate notice has been given. However, this is not fatal to this appeal because the provisions of Rule 15, N.C. Rules of Civil Procedure, which provide for amendment of pleadings, will be available to plaintiff on retrial.

Accordingly, we modify and affirm the decision of the Court of Appeals and remand to that court with instructions to remand to the Superior Court, Guilford County, for further proceedings consistent with this opinion.

Modified and affirmed.

Justice MEYER took no part in the consideration or decision of this case.