856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Landon STILES, Plaintiff-Appellant,
v.
CHLORIDE, INC.; East Tennessee Battery Co., Inc.; Hoyt
Verner, t/a McCaysville Auto Parts, Defendants-Appellees.
 No. 87-1688.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 7, 1988.
Decided: Aug. 26, 1988.
 
 Douglas B. Abrams (Anna N. Currin, Blanchard, Tucker, Twiggs & Abrams, P.A.; Billy D. Baliles, on brief), for appellant.
 Frank Parrott Graham (Landon Roberts, Glenn S. Gentry, Roberts, Stevens & Cogburn, P.A., on brief), J. William Russell (Russell & King, P.A., on brief), for appellee.
 Before K.K. HALL and CHAPMAN Circuit Judges, and PAUL V. NIEMEYER, District Judge from the District of Maryland, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 Michael Landon Stiles appeals the order of the district court granting summary judgment to the defendants, Chloride, Inc. and East Tennessee Battery Co., Inc. Stiles does not appeal a subsequent order of the court dismissing an individual defendant, Hoyt Verner. Stiles brought claims against the defendants for negligence, breach of implied warranty and punitive damages as the result of injuries he received when a battery exploded. The district court concluded that "[p]laintiff's tendered evidence not only does not support the proposition that [a] defect existed at the time of sale, it is merely conjectural that any defect in the battery existed at all." Stiles v. Chloride, Inc., 668 F.Supp. 505, 508 (W.D.N.C.1987). We agree and affirm.
 
 
 2
 * Stiles purchased the battery from Hoyt Verner, d/b/a McCaysville Auto Parts. It was sold under an East Tennessee Battery Co., Inc. label and manufactured by Chloride, Inc. Stiles installed the battery in a 1963 Chevrolet truck. About one and a half months later, Stiles raised the hood of the truck to check the oil. He noticed a knot on the battery and "figured it was low on water." When he popped the vent cap of the battery, it exploded. Although Stiles claims that he turned his head slightly and averted his eyes from the battery, he received serious injuries to his eyes.
 
 
 3
 Stiles had read the following warnings printed on the top of the battery:
 
 DANGER/EXPLOSIVE GASES
 
 4
 Cigarettes, flames or sparks could cause battery to explode. Always shield eyes and face from battery. Do not charge or use booster cables or adjust post connections without proper instructions and training. Keep vent caps tight and level.
 
 POISON/CAUSES SEVERE BURNS
 
 5
 Contains sulfuric acid. Avoid contact with skin, eyes or clothing. In event of accident flush with water and call a physician immediately.
 
 POISON/DANGER CAUSES SEVERE BURNS
 
 6
 Contains sulfuric acid. Avoid contact with skin, eyes or clothing. Antidote: EXTERNAL--Flush with water. INTERNAL--Drink large quantifies of water or milk. Follow with milk of magnesia, beaten egg or veg. oil. Call physician immediately. Eyes: Flush with water 15 minutes and get prompt medical attention. Batteries produce explosive gases. Keep sparks, flame, cigarettes away. Ventilate when changing or using in enclosed space. Always shield eyes when working near batteries.
 
 
 7
 Stiles argued in the district court that defendants were negligent and breached the implied warranty of merchantability because the warning on the battery was inadequate. The court found this argument unconvincing, because
 
 
 8
 the evidence is undisputed that plaintiff could read, and in fact, had read the warnings. Plaintiff admits that the warning covers the injuries that can be experienced. Plainly these warnings put plaintiff on notice of the critical facts of 'dangerous explosive gases,' 'poison acid,' and the need to 'shield [his] eyes.'
 
 
 9
 Stiles, 668 F.Supp. at 508. The district court also found that Stiles' evidence included no facts to support his claim for punitive damages beyond the facts asserted to support the underlying claim.
 
 II
 
 10
 Under North Carolina law, which applies in this case, a product may be rendered unmerchantable when the directions and warnings as a whole do not adequately inform the user of a potential danger of the product. Reid v. Eckerds Drug, Inc., 40 N.C.App. 476, 482, 253 S.E.2d 344, 348-49, cert. denied, 297 N.C. 612, 257 S.E.2d 219 (1979). Stiles argues that the warnings on the battery did not adequately inform of the dangers he encountered and therefore rendered the battery unmerchantable. Stiles claims that the allegedly defective warnings also provide grounds for holding the manufacturer liable in negligence. Stiles suggests that the warnings should be "more terse" and "more descriptive," should specifically tell the consumer to wear goggles or a face shield when working around batteries and that merely lifting a vent cap could cause an explosion. We disagree.
 
 
 11
 The North Carolina Court of Appeals has wisely noted that
 
 
 12
 "[t]he capacity for plaintiffs to invent duty to warn theories far exceeds the capacity of manufacturers to provide warnings to counter them. While some warnings should be given, efforts must be taken to prevent warnings and instructions from taking on a ritualistic purpose, immaterial in their influence on individual behavior but decisive in the way they shape liability."
 
 
 13
 Fowler v. General Elec. Co., 40 N.C.App. 301, 307, 252 S.E.2d 862, 866 (1979) (quoting Epstein, Products Liability: The Search for the Middle Ground, 56 N.C.L. Rev. 643, 653 (1978)). Plaintiff's own expert concluded that one should be able to infer that blindness or death can result from an explosion near one's face. As the district court noted, the warnings specifically mention the danger of explosion, poison, severe burns and the need to shield eyes and face from the battery. It is not possible for consumer warnings to cover every possible danger in explicit detail. We decline to place manufacturers under such a burden. The district court properly concluded that these warnings were adequate to inform the user of the potential dangers.
 
 
 14
 While Stiles' primary argument is that liability should be based on the allegedly inadequate warnings, the district court properly noted that plaintiff's evidence does not support a finding that a defect existed in the battery itself, either at the time of sale or at some subsequent time. While Stiles noticed a knot on the battery before he opened the vent cap, testimony indicated that such a knot could not have caused the explosion. Furthermore, the evidence shows that Stiles installed the battery himself, placing the battery in its standard fitting and further securing it by tying it down with a "cigarette string." Stiles also modified the electrical wiring between the starter and the battery by splicing an extra section of cable. Indeed, Stiles' own expert testified that there had to be some external spark or source to ignite the gas coming from the battery to cause the explosion. We agree with the district court that the evidence cannot support a finding that a defect existed in the battery.
 
 III
 
 15
 In North Carolina, " '[p]unitive damages may not be awarded unless otherwise a cause of action exists and at least nominal damages are recoverable by the plaintiff.' " Clemmons v. Life Ins. Co., 274 N.C. 416, 423-24, 163 S.E.2d 761, 766 (1968) (quoting Worthy v. Knight, 210 N.C. 498, 187 S.E. 771 (1936)). Since Stiles' evidence does not support his initial claims for negligence and breach of warranty, the district court properly concluded that punitive damages could not be awarded in this case.
 
 IV
 
 16
 In conclusion, we agree with the district court that Stiles' evidence produces no genuine issue of material fact. Defendants' motions for summary judgment were properly granted and the judgment of the district court is accordingly
 
 
 17
 AFFIRMED.