249 So.2d 44 (1971)
Martin A. BARRY and His Wife, Elsie S. Barry, Appellants,
v.
IVARSON INCORPORATED, a Florida Corporation, Appellee.
No. 70-548.
District Court of Appeal of Florida, Second District.
June 9, 1971.
*45 John H. Shearer, Jr., of the law firm of John M. Hathaway, Punta Gorda, for appellants.
Stephen W. Stottlemyer, of Kirk, Pinkerton, Sparrow, McClelland & Savary, P.A., Sarasota, for appellee.
HOBSON, Acting Chief Judge.
Appellants seek review of a final judgment of dismissal with prejudice for failure to state a cause of action.
Appellee, defendant below, maintains a store for the retail sale of furniture. In October of 1969, a dining room table was sold by the defendant to a Mr. and Mrs. Knorr for use in their residence. Approximately one month later the purchasers leased their residence and furnishings therein to the appellants, plaintiffs below. Approximately six weeks thereafter the surface of the table became detached from the foundation of said table and fell upon Elsie S. Barry, plaintiff below, causing her injury. After the filing of plaintiffs' suit for damages, the trial court, upon defendant's motion to dismiss, ruled that the cause should be dismissed since "the facts alleged * * * clearly reflect that there is no privity between the plaintiffs and the defendant."
We are not concerned with situations involving foodstuffs or dangerous instrumentalities which are generally exceptions to the privity requirement in implied warranty actions by consumers against retailers [Carter v. Hector Supply Co., Fla. 1961, 128 So.2d 390] nor any action based on ordinary common law warranties. Appellants base their cause of action on the theory of implied warranty of merchantibility under F.S. § 672.314 (1969), F.S.A. Therefore, the sole question which appellants would have this court determine is whether plaintiffs-lessees come within the ambit of § 672.318 which extends the provisions of F.S. § 672.314 (1969), F.S.A., thereby circumventing the privity requirement which would otherwise be encountered *46 in common law actions on implied warranties. See 28 Fla.Jur., Sales, §§ 165, 166 (1968 revision).
Appellants cite Speed Fastners, Inc. v. Newsom, 382 F.2d 395 (10th Cir.1967) and Simpson v. Powered Products of Mich., Inc., et al., 24 Conn.Sup. 409, 192 A.2d 555 (1963) as indicative of the trend which the law in the case sub judice should follow. Together with these two cases, appellants submit that F.S. § 672.318 (1969), F.S.A., should be construed to include plaintiffs in their position as a natural extension of the legislature's intent as enunciated in the guidelines set forth in its enactment of F.S. §§ 671.102, 671.106 (1969), F.S.A. Although appellants also urge this court to consider what may be called the underlying theme in F.S. § 672.318 (1969), F.S.A., of nullifying the privity concept in warranty actions under the Uniform Commercial Code, we are of the opinion, as the authors in the official comment to the code suggest in § 672.2-318, F.S.A., that this can only be done on a case by case basis after a thorough analysis of the facts and considering what would be a natural expansion of the law in this area, keeping in mind that others in the field of commerce besides the parties in this controversy will look to the courts as the machinery by which there can be a smooth transition in resolving the prior law of this state with that of the code in those areas of inconsistency which are encountered. We hold that appellants as lessees under the facts of this case are not entitled to the benefits of F.S. § 672.318 (1969), F.S.A., and, therefore, affirm.
In Speed Fastners, supra, the plaintiff-employee was injured by a ricocheting stud when a fellow employee was driving studs through a steel I-beam. The employee was successful in obtaining a judgment against the appellant, manufacturer of the stud. Reversing on other grounds, the court held that even though the buyer was plaintiff's employer, plaintiff's "* * * cause of action based on implied warranty is not barred by the shield of privity." Speed Fastners, supra, 382 F.2d at 398. This case is certainly not determinative of the issue in the case sub judice since privity is no longer required in implied warranty actions by consumers against manufacturers (Bernstein v. Lily-Tulip Cup Corporation, Fla.App. 1965, 177 So.2d 362, aff'd Fla. 1966, 181 So.2d 641). We also note that irrespective of whether the seller is a manufacturer or a retailer, employees of the buyer are now expressly named as third-party beneficiaries within F.S. § 672.318 (1969), F.S.A.
Not only are appellants not within the category of third-party beneficiaries as contemplated in F.S. § 672.318 (1969), F.S.A., but there is a question of foreseeability [1 Anderson's Uniform Commercial Code § 2-318:4(1)] as the statute provides:
"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer, who is a guest in his home or who is an employee, servant or agent of his buyer if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude nor limit the operation of this section." (emphasis ours)
For example, in Simpson, supra, plaintiff-lessee had been injured while operating a golf cart which he had leased from the purchaser, a professional golfer who had bought the cart from a retailer. The court held that it was a matter of common knowledge and subject to judicial notice that a large number of golf carts were used on courses throughout the country of which "* * * a major percentage of them are owned and maintained by organizations or individuals operating such courses for rental to players rather than by the players [sic buyers] themselves." Simpson, supra, 192 A.2d at p. 557. In the case sub judice, appellants did not allege in their complaint that the purchasers-lessors were in the business of leasing furnished residence[s], nor did they allege that the *47 defendant-retailer had any knowledge of the fact that the purchasers-lessors planned to lease the residence as furnished and that such furnishings would include the dining room table in question at the time of the purchase.
Therefore, the final judgment is
Affirmed.
MANN and McNULTY, JJ., concur.