351 So.2d 351 (1977)
DUNHAM-BUSH, INC., Appellant,
v.
THERMO-AIR SERVICE, INC., and Broward Marine, Inc., Appellees.
No. 76-1399.
District Court of Appeal of Florida, Fourth District.
August 12, 1977.
On Rehearing November 15, 1977.
*352 Robert W. Stern, Miami, for appellant.
Ben J. Weaver of Weaver & Weaver and Nancy Little Hoffmann, Fort Lauderdale, for appellee-Broward Marine, Inc.
DAUKSCH, Judge.
Appellee-Broward Marine, Inc., a boat builder, was sued by Thermo-Air Service, Inc., an air conditioning contractor, on an open account for repairs made by Thermo-Air Service, Inc. to chiller systems located on two yachts owned by Broward Marine, Inc. Broward Marine, Inc. filed a third-party complaint for indemnification against Appellant Dunham-Bush, Inc., the manufacturer of the chiller systems.
The third-party complaint was dismissed with leave to amend. The amended version was substantially similar to the original. Dunham-Bush, Inc. again moved to dismiss. The motion was denied.
A consent judgment in favor of Thermo-Air Service, Inc. was entered in the original action against Broward Marine, Inc. A non-jury trial was held on the third-party action and final judgment resulted in favor of Broward Marine, Inc.
Dunham-Bush, Inc. raises six issues in this appeal. It first contends that the lower court erred in denying its motion to dismiss the amended third-party complaint. We agree and therefore we need not reach the remaining issues.
We find that the amended third-party complaint fails to allege sufficient facts to state a cause of action for indemnity based on breach of warranty because certain minimum allegations are absent. The complaint should set forth factual allegations designating the basis for the right to indemnity such as contract, either express or implied, or from the existence and violation of a duty as between tortfeasors. Florida Power Corporation v. Taylor, 332 So.2d 687 (Fla. 2d DCA 1976). Or, equity may be applied to support a claim for *353 indemnity as a result of the peculiar relation between the parties. Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla. 2d DCA 1969). In the case sub judice, the amended third-party complaint merely stated that "this is an action for indemnity." A factual allegation concerning the basis for this claim should have been stated.
In order to properly plead a cause of action for breach of warranties under the Florida Uniform Commercial Code a complaint should contain at least the following allegations:
1) Facts in respect to the sale of the goods;
2) Identification of the types of warranties created, i.e. express warranty (Section 672.313, Florida Statutes [1975]); implied warranty of merchantability (Section 672.314, Florida Statutes [1975]); implied warranty of fitness for a particular purpose (Section 672.315, Florida Statutes [1975]);
3) Facts in respect to the creation of the particular warranty. For example, in the case of an implied warranty of fitness for a particular purpose, the complaint should allege that the seller had reason to know the particular purpose for which the goods were purchased by the buyer and that the buyer relied on the seller's judgment in providing suitable goods. Section 672.315, Florida Statutes (1975);
4) Facts in respect to the breach of the warranty;
5) Notice to seller of breach. Section 672.607(3)(a), Florida Statutes (1975);
6) The injuries sustained by the buyer as a result of the breach of warranty.
The amended third-party complaint in the case sub judice does not include the above-stated essential allegations and therefore falls short of stating a cause of action.
REVERSED and REMANDED with instructions to dismiss the amended third-party complaint.
MAGER, J., and KANEY, FRANK N., Associate Judge, concur.

ON PETITION FOR REHEARING
DAUKSCH, Judge.
The lower court was instructed by our opinion issued August 12, 1977, to dismiss the amended third-party complaint. Appellee now requests that the opinion direct that on remand Appellee be given the opportunity to amend its complaint. To avoid any question as to our intent, we clarify our opinion by instructing the lower court to dismiss the amended third-party complaint without prejudice to Appellee's right to file an amended complaint, all of which could have been avoided had the trial court permitted Appellee to amend its pleadings to conform to the evidence at trial as permitted in Fla.R.Civ.P. 1.190.
KANEY, FRANK N., Associate Judge, concurs.
ANSTEAD, J., concurs in conclusion only.