354 So.2d 895 (1978)
Buddy L. SANSING and Virginia Sansing, His Wife, Appellants,
v.
The FIRESTONE TIRE & RUBBER COMPANY, etc., et al., Appellee.
Robert Lee FAVORS, Appellant,
v.
The FIRESTONE TIRE & RUBBER COMPANY, etc., et al., Appellee.
Nos. 76-1364 and 76-1365.
District Court of Appeal of Florida, Fourth District.
January 17, 1978.
Rehearing Denied February 24, 1978.
*896 C.R. McDonald, Vincent A. Lloyd, and John C. Guerriero, Fort Pierce, for appellants.
George W. Wright of Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wright and Joseph W. Beasley of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for appellee, Firestone Tire and Rubber Co.
Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, for appellee, Ford Motor Co.
MOORE, Judge.
Plaintiffs, Buddy L. Sansing, his wife and Robert Lee Favors take this consolidated appeal from an adverse final judgment entered against them in favor of the Firestone Tire & Rubber Company and Ford Motor Company. This is the second opportunity this court has had to visit the issues involved in this case, the first being a review of the trial judge's dismissal of plaintiffs' sixth amended complaint. Favors v. Firestone Tire and Rubber Company, 309 So.2d 69 (Fla. 4 DCA 1975).
The plaintiffs were injured by an exploding tire which had been placed on a wheel and rim assembly at plaintiffs' place of employment, the local Goodyear Tire and Rubber Store. The wheel and rim assembly was designed and assembled by Firestone and incorporated on a 1968 Ford truck which was sold by Ford as its own product. The pertinent facts are recited in our opinion in Favors, supra. Recovery was sought upon three separate theories, to wit: strict liability in tort, breach of implied warranty, and negligence. In compliance with our opinion in Favors, supra, the trial court struck the theory of strict liability in tort and allowed the case to proceed on the latter two theories. A directed verdict against the plaintiffs was issued as to negligence and the jury received the case on the sole issue of breach of implied warranty. Plaintiffs assign as error the trial court's refusal to submit the case to the jury on strict liability and the granting of the directed verdict as to negligence.
Subsequent to our decision in Favors supra, strict liability in tort in products liability cases has become the law in Florida. West v. Caterpillar Tractor Company, Inc., 336 So.2d 80 (Fla. 1976). It would serve no useful purpose in reiterating here the scholarly analysis by the Supreme Court of products liability law. Suffice to say the theories of strict liability and implied warranty have been so refined that "the distinctions frequently have more theoretical than practical significance". West at 84. Strict liability is imposed when the following have been established:
(1) The manufacturer's relationship to the product;
(2) The defect in the product and its unreasonably dangerous condition; and
(3) The proximate causal connection between such condition and the user's injuries. West at 86, 87. See also Restatement of Torts (Section 402(a)).

Liability is imposed under the theory of implied warranty when it has been proved that:
(1) Plaintiff was a foreseeable user of the product;
(2) The product was being used in the intended manner at the time of the injury;
(3) The product was defective when transferred from the warrantor; and
(4) The defect caused the injury. McCarthy v. Florida Ladder Company, 295 So.2d 707 (Fla. 2 DCA 1974).
As was stated by the United States Court of Appeal, 4th Circuit, in Chestnut v. Ford Motor Company, 445 F.2d 967 at 968:
"The standard of safety of goods imposed on the seller or manufacturer of a product is essentially the same whether the theory of liability is labeled warranty or negligence or strict tort liability: the product must not be unreasonably dangerous at the time that it leaves the defendant's possession if employed in the manner in which it was intended to be used or put to a special use known before hand by the defendant".
We turn now to the jury instructions in the instant case. The court, inter alia, instructed the jury:

*897 "... I instruct you that a manufacturer of a product such as these defendants, or either of them, each impliedly warrants its product to be reasonably fit for its intended use. On the claim of the plaintiffs against these defendants for breach of implied warranty the issues for your determination are whether the defendants, or either of them, breached its implied warranty of fitness by manufacturing the wheel rim assembly in question in such a way that it was not reasonably fit for its intended use, and if so, whether such breach was the legal cause of the loss, injury or damage sustained by the plaintiffs ... A defect in a product is a legal cause of injury or damage if it directly and in natural and continuous sequence produces, etc..."
"In order for the plaintiffs to recover from the defendants Ford and Firestone for injuries sustained as a result of a defect in the truck wheel rim assembly involved in this litigation it is necessary that the plaintiffs' injuries were caused by some defect or dangerous condition in the wheel rim assembly which makes it unreasonably dangerous to the user. The wheel rim assembly in question must be dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, possessing the ordinary knowledge common to the community as to its characteristics".
We find from the totality of the instructions given, the trial court, although having struck the claim for strict liability, did in fact substantially instruct on strict liability. The two theories of implied warranty and strict liability have become so intertwined that the distinction between Florida standard jury instructions P.L. 2 (implied warranty of merchantability) and P.L. 4 (strict liability), both adopted prior to West, has no practical significance. Therefore, plaintiffs' assigned error is without merit.
We have examined the record in this case and find plaintiffs' other contentions to be unsupported by the record and therefore also without merit. Accordingly, the judgment of the trial court is
AFFIRMED.
ANSTEAD and DAUKSCH, JJ., concur.