399 So.2d 402 (1981)
Charolette A. JANUSE, Appellant,
v.
U-HAUL COMPANY, INC., and Old Republic Life Insurance Company, Appellees.
No. 80-565.
District Court of Appeal of Florida, Third District.
June 2, 1981.
Laurence D. Faye, Saul T. Von Zamft, Coral Gables, for appellant.
Haddad & Josephs and Michael Seth Cohen, Miami, for appellees.
*403 Before BASKIN and FERGUSON, JJ., and EZELL, BOYCE, F., Jr. (Ret.), Associate Judge.
BASKIN, Judge.
Plaintiff, Charolette A. Januse, has appealed Summary Judgment and Order Granting Summary Final Judgment entered in favor of U-Haul Company, Inc. in her action for damages brought under theories of negligence and breach of implied warranty. In addition, she appeals the Order Taxing Costs. The issue presented involves selection of the appropriate statute of limitations.
Appellant Januse, a Florida resident, traveled to Illinois to collect her furniture. She used a U-Haul truck rented for her in Illinois by Ernest Johnson on January 11, 1976. On February 12, 1976, as appellant was driving through Kentucky on her return to Miami, a defective steering mechanism and belt caused the truck to overturn. On April 12, 1978, appellant sued U-Haul Company, Inc. alleging negligence and breach of certain warranties. The Florida trial court entered summary judgment for U-Haul Company, Inc. ruling that the negligence claim was barred under the statute of limitations. The court subsequently ruled in its Order Granting Summary Final Judgment that her cause of action under common law breach of warranty was also barred by the applicable statute of limitations. The court did not specify which state's statute of limitations controlled. We agree with the court's ruling concerning the negligence claim but disagree with the ruling regarding the claim alleging breach of implied warranty. Our holding is predicated upon our determination that the Illinois Uniform Commercial Code covered the implied warranty claim.
Section 95.10, Florida Statutes (1975) bars an action which is forbidden by the law of the state in which it arose.
When the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.
Because the cause of action for breach of implied warranty arose in Illinois, the state in which the contract was executed, the Illinois statute of limitations applies. See J. Ester, Borrowing Statutes of Limitations and Conflict of Laws, 15 U.Fla. L.Rev. 33 (1962). Illinois law provides a four-year statute of limitations for actions alleging breach of warranty under the Uniform Commercial Code, ch. 26 § 2-725(1) (Ill. Rev. Stat. 1973). The law includes actions for breach of implied warranties of merchantability, ch. 26 § 2-314 (Ill. Rev. Stat. 1973). Illinois provides a two-year statute of limitations for personal injury claims whether sounding in tort or breach of common law implied warranty. Ch. 83 § 15 (Ill. Rev. Stat. 1973). U-Haul contends the latter statute bars the claim.
Count III of the complaint recites:
(16) Defendant impliedly warranted that said vehicle was fit and reasonably safe for ordinary usage, of merchantable quality, and contained no inherently dangerous mechanical defects.
We are satisfied these allegations[1] bring the complaint within the Illinois Uniform Commercial Code four-year statute of limitations covering actions for breach of the implied warranty of merchantability. Berry v. Searle & Co., 56 Ill.2d 548, 309 N.E.2d 550 (1974); Branden v. Gerbie, 62 Ill. App.2d 138, 19 Ill.Dec. 492, 379 N.E.2d 7 (1978). The U.C.C. has been extended in Illinois, as in other states, to cover non-sale transactions. An Illinois appellate court has held that certain provisions of Article 2 should apply by analogy to equipment leases, Heller v. Convalescent Homes, 49 Ill. App.3d 213, 8 Ill.Dec. 823, 365 N.E.2d 1285 (1977). The Heller court analogized equipment leases to the "transaction of goods" language of the U.C.C., ch. 26 § 2-102 (Ill. Rev. Stat. 1973), rather than "sale of goods". But cf. *404 Knox v. North American Car Corp., 80 Ill. App.3d 683, 35 Ill.Dec. 827, 399 N.E.2d 1355 (1980) (the court, while acknowledging the Heller decision, refused to apply the U.C.C. to a lease where the lessee did not possess vertical privity).[2] Under these circumstances, the trial court erred in ruling appellant's claim was barred under Illinois law.
The personal injury claims alleging negligence are barred under both the Kentucky one-year statute of limitations, Kentucky Rev.Stat. § 413.140(1)(a) (1974), and the Illinois two-year statute of limitations, ch. 83 § 15 (Ill. Rev. Stat. 1973).
For these reasons, we reverse the summary judgment entered by the trial court insofar as it pertains to the action for breach of implied warranty of merchantability under the Illinois U.C.C. and remand for further proceedings. The Order Taxing Costs is reversed.
Reversed and remanded.
NOTES
[1] The proper method of pleading a cause of action for breach of warranties under the Florida U.C.C. is described in Dunham-Bush, Inc. v. Thermo-Air Service, Inc., 351 So.2d 351 (Fla. 4th DCA 1977).
[2] The well-reasoned dissent by Justice Rizzi criticizes the majority for "pick[ing] up the discarded remnants of privity in personal injury actions... ." Knox v. North American Car Corp., supra, 35 Ill.Dec. at 838, 399 N.E.2d at 1366.