Paul **TAYLOR and Pauletta J. Houser, Plaintiffs,**

v.

**AMERICAN HONDA MOTOR CO., INC., a corporation, and Honda Motor Co. Ltd., a corporation, Defendants.**

**No. 81–62–Civ–Oc.**

United States District Court, M.D. Florida, Ocala Division.

Nov. 1, 1982.

As Amended Jan. 17, 1983.

John H. Piccin, Musleh, Bond, Arnett, Atkins & Krehl, Ocala, Fla., for plaintiffs.

Ronald M. Owen, Orlando, Fla., for defendants.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

Presently before this Court is a motion by defendant, American Honda Motor Co., Inc. (hereinafter 'American Honda') for an order dismissing the plaintiffs' complaint as to each count for failure to state a claim upon which relief can be granted. Plaintiffs having brought this action in federal court under diversity jurisdiction, the issues raised in this motion involve the interplay of Florida substantive law and federal pleading requirements.

According to the complaint, on December 1, 1977, plaintiff Paul Taylor, while driving a Honda motorcycle in the rain, collided with an on-coming automobile and sustained severe injuries, including a crushed left leg. Taylor was then a minor, and his mother, plaintiff Pauletta J. Houser, paid his medical bills.[1] The motorcycle was a 1971 model distributed and marketed in Marion County, Florida by the defendant American Honda. Plaintiffs allege that the driver of the on-coming car failed to see Taylor because the headlight which was originally supplied with the motorcycle was not adequate in conditions of reduced visibility. Plaintiffs further complain that Taylor's crushed leg resulted from the motorcycle's lack of any safety devices to protect the driver's legs in the event of an accident. It is asserted that the defendant failed to warn the public and plaintiffs about these two conditions.

The complaint sets forth four distinct theories of liability: negligence (Count One), breach of implied warranty (Count Two), strict liability (Count Three), and fraudulent concealment (Count Four). Under this last theory, plaintiffs seek punitive damages.

*Negligence and Strict Liability*

■ For the following reasons, the Court declines to dismiss the plaintiffs' negligence and strict liability counts. With respect to the alleged inadequate headlight, plaintiffs contend this was a cause of the accident. This part of the action thus falls clearly within the doctrine of *West v. Caterpillar Tractor Co.,* 336 So.2d 80 (Fla.1976), allowing products liability actions to be brought under theories of strict liability or negligence. With respect to the alleged lack of leg protection devices, plaintiffs contend this merely contributed to the extent of Taylor's injuries once the collision occurred, i.e., that the motorcycle was "uncrashworthy". The Florida Supreme Court has recognized products liability actions for uncrashworthiness brought under theories of negligence, *Ford Motor Co. v. Evancho,* 327 So.2d 201 (Fla.1976), as well as strict liability, *Ford Motor Co. v. Hill,* 404 So.2d 1049 (Fla.1981), *aff'g* 381 So.2d 249 (Fla. 4th D.C.A. 1979). Furthermore, at least one Florida appellate court has found such actions cognizable where the vehicle was a motorcycle. *Nicolodi v. Harley-Davidson Motor Co., Inc.,* 370 So.2d 68 (Fla. 2d D.C.A. 1979).[2] The Court concludes that plaintiffs' negligence and strict liability claims are actionable under Florida law.

■ The Court further finds that the elements of these claims have been sufficiently alleged in the plaintiffs' complaint to satisfy the "notice pleadings" requirement of Rule 8(a) of the Federal Rules of Civil Procedure. *See City of Gainesville v. Florida Power and Light,* 488 F.Supp. 1258 (S.D. Fla.1980); *Brunswick Corp. v. Vineberg,* 370 F.2d 605 (5th Cir.1967). The Florida cases cited in defendant's supporting memorandum are inapposite since they involve Florida Rule 1.110(b) which, unlike federal Rule 8(a), requires expression of "ultimate facts showing that the pleader is entitled to relief."

---

1. The derivative claim of Ms. Houser is set forth in Count Five of the complaint.

2. The Nicolodi case was cited without disapproval by the Florida Supreme Court in *Ford Motor Co. v. Hill,* 404 So.2d at 1051 n. 3.

### Breach of Implied Warranty

■ The Court now turns to Count Two of the complaint which charges the defendant with breach of implied warranty of merchantability. It is clear that such an action is recognized under Florida law, *West v. Caterpillar Tractor Co., supra,* and that the implied warranty may embrace the notion of "crashworthiness", *Nicolodi v. Harley-Davidson Motor Co., Inc., supra; Smith v. Fiat-Roosevelt Motors, Inc.,* 556 F.2d 728 (5th Cir.1977). The defendant nonetheless contends that the complaint is deficient because the plaintiffs have failed to allege various elements required to state a cause of action for breach of implied warranty under the Florida Uniform Commercial Code, as set forth in *Dunham-Bush v. Thermo-Air Service, Inc.,* 351 So.2d 351 (Fla. 4th DCA 1977). The defendant particularly stresses plaintiffs' failure to allege (1) the existence of a contractual relationship with the defendant, and (2) notice to the defendant of breach of warranty.[3] The plaintiffs, in response, assert that "without a doubt, the case *sub judice* is not a Uniform Commercial Code case" (plaintiffs' opposing memorandum, p. 4), and that under Florida common law there are no privity or notice requirements for implied warranty claims.

While numerous recent developments in the Florida law of products liability have admittedly spawned confusion in the area of implied warranties, it is clear to this Court that the Florida Uniform Commercial Code, § 672.314 et seq., Fla.Stat., adopted in 1965, provides the exclusive remedy for breach of implied warranty by a seller of goods. *West, supra* at 88–89; *Hi Neighbor Enterprises, Inc. v. Burroughs Corp.,* 492 F.Supp. 823, 826 (N.D.Fla.1980). The particular provisions of the U.C.C., where directly applicable, were intended to displace preexisting law. § 671.103. To recognize an action against a seller for breach of

implied warranty not subject to the restrictions and limitations set forth in Article 2 would substantially frustrate one of the fundamental purposes for which the U.C.C. was adopted—to help simplify, clarify, and make uniform the law of commercial transactions. § 671.102(2).

In this case, since the only remaining party defendant, American Honda, is not the manufacturer,[4] but the distributor/retailer, there can be little doubt that any implied warranties made by the defendant in the sale of the subject motorcycle were "seller's warranties" falling squarely within the ambit of § 672.314 and § 672.315.

■ The above conclusion is not inconsistent with Florida case law. There are, admittedly, numerous cases which have held that an implied warranty action against a *manufacturer* is not a U.C.C. action, *Ford Motor Co. v. Pittman,* 227 So.2d 246, 249 (Fla. 1st DCA 1969); *Barfield v. United States Rubber Co.,* 234 So.2d 374, 377 (Fla. 2d DCA 1970); *Favors v. Firestone Tire & Rubber Co.,* 309 So.2d 69, 71–72 (Fla. 4th DCA 1975); *Vandercook & Son v. Thorpe,* 344 F.2d 930 (5th Cir.1965); *Autrey v. Chemtrust Ind. Corp.,* 362 F.Supp. 1085 (D.Del.1973), though the continued validity of these is doubtful after the *West* decision. 336 So.2d at 92; *Smith v. Fiat-Roosevelt Motors, Inc.,* 556 F.2d at 730; *see also* Official Comment 1 to § 672.2–318, 19A Fla. Stat.Ann. 264 (1966). But each of these cases specifically distinguished a *manufacturer's* warranty from a *seller's* warranty, the latter of which was viewed as *ex contractu* and subject to the provisions of the U.C.C. Where a breach of implied warranty action has been brought against a seller standing in a relation of privity with the consumer, Florida courts have uniformly applied the provisions of the U.C.C. *Cardozo v. True,* 342 So.2d 1053 (Fla. 2d DCA 1977); *Barry v. Ivarson, Inc.,* 249 So.2d 44 (Fla. 2d DCA 1971); *Sheppard v. Revlon,*

---

**3.** Defendant also argues insufficient factual allegations, citing *Dunham Bush, supra.* As noted above, fact-based pleading is not required in federal diversity cases, even where otherwise required under state procedure.

**4.** The manufacturer, Honda Motor Co. Ltd., was originally named in the complaint, but was dismissed for lack of proper service. Order dated November 3, 1981.

*Inc.,* 267 So.2d 662, 664 (Fla. 3d DCA 1972). The Court is aware of no post-U.C.C. case which recognizes a non-U.C.C. action for breach of implied warranty by a retailer of goods.

Having determined that the plaintiffs' claim for breach of implied warranty is governed by the U.C.C., the Court finds the plaintiffs' complaint deficient in that it fails to allege that Paul Taylor falls within the class of persons to whom such an implied warranty extends. The class of possible plaintiffs in a personal injury action based upon breach of a seller's implied warranty is circumscribed by § 672.318,[5] Fla.Stat., as interpreted by Florida courts. *Barry v. Ivarson, Inc., supra; see* Comment 2 to § 672.2–313, 19A Fla.Stat.Ann. 212 (1966). If a claimant does not fall within this statutory class, he may not bring an action based upon breach of implied warranty.

In this case, the complaint merely alleges that the defendant, American Honda, at some point sold the subject motorcycle and that the plaintiff, Paul Taylor, owned it at the time of the accident. (Complaint, ¶ [4] ) Plaintiffs fail to allege either that Paul Taylor purchased the Honda motorcycle from the defendant or that he was within the class of persons indicated in § 672.318. It could, for example, be that the motorcycle was originally purchased by one of Taylor's parents, in which case the defendant's warranties would plainly extend to Taylor. However, if Taylor purchased the motorcycle secondhand from an unrelated third party, then in light of the holding in *Barry v. Ivarson, Inc., supra,* Taylor would be outside the scope of American Honda's warranty liability under § 672.318.[6] The complaint makes no allegations one way or the other, and thus must be viewed as deficient.

The defendant also asserts that the complaint is deficient because it fails to allege notice to the seller of breach, again citing *Dunham-Bush, supra.* According to *Dunham-Bush,* this requirement flows from § 672.607(3)(a), which provides that a buyer who has accepted a tender of goods must notify the seller within a "reasonable time" after he discovers or should have discovered a breach, or he will be barred from remedy. While the applicability of this provision is straightforward in cases, such as *Dunham-Bush,* in which the buyer claims that the goods tendered by the seller are defective and seeks to avoid the contract price, no Florida case has decided whether § 672.-607(3)(a) is applicable to products liability actions. Looking to decisions of other jurisdictions, at least two courts have held that U.C.C. § 2–607(3)(a) notice is not a precondition to implied warranty liability in personal injury cases. *Hill v. Joseph T. Ryerson & Son, Inc. v. United States Steel Corp.* 268 S.E.2d 296 (W.Va.1980); *Fischer v. Mead Johnson Laboratories,* 41 App.Div.2d 737, 341 N.Y.S.2d 257 (1973). The majority view, however, appears to be that where the plaintiff is the "buyer" as defined in § 2–103(1)(a), and thus has privity of contract with the seller, compliance with § 2–607(3)(a) must be pled and proved in a breach of warranty action even where the claim is for personal injury. *Maybank v. S.S. Kresge Co. v. G.T.E. Sylvania,* 302 N.C. 129, 273 S.E.2d 681 (1981); *Branden v. Gerbie,* 62 Ill.App.3d 138, 19 Ill.Dec. 492, 379 N.E.2d 7 (1978); *Redfield v. Mead Johnson & Co.,* 266 Or. 273, 512 P.2d 776 (1973). Since this latter reading more closely tracks the language of § 2–607(3)(a) and was clearly contemplated by the drafters, *see* Official Comment 5 to § 672.2–607, 19A Fla.Stat.Ann. 407 (1966), the Court will

**5.** § 672.318, as amended in 1967, states:

A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer, who is a guest in his home or who is an employee, servant or agent of his buyer if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.

A seller may not exclude nor limit the operation of this section.

**6.** *Barry* held that an implied warranty of a furniture dealer did not extend, under § 672.-318, to lessees of the original purchaser. 249 So.2d at 46. *Warranty coverage therefore would not extend to secondhand purchasers a fortiori.*

adopt it, and hold that if either of the plaintiffs is the "buyer", within the meaning of § 672.103(1)(a), then the complaint must allege compliance with § 672.607(3)(a) if it is to state a cause of action for breach of implied warranty.

■ The situation is quite different, however, if the plaintiffs are merely warranty beneficiaries within the class indicated in § 672.318. Courts have generally held that since such plaintiffs are not considered "buyers" under § 2–103(1)(a), the notice requirement of § 2–607(3)(a) is not applicable. *Simmons v. Clemco Industries,* 368 So.2d 509 (Ala.1979); *Mattos v. Hash,* 279 Md. 371, 368 A.2d 993 (1977); *Frericks v. General Motors Corp.* 278 Md. 304, 363 A.2d 460 (1976); *Chaffin v. Atlanta Coca-Cola Bottling Company,* 127 Ga.App. 619, 194 S.E.2d 513 (1972).[7] Accordingly, if neither of the plaintiffs had privity of contract with American Honda in the sale of the subject motorcycle, the complaint need not allege compliance with § 672.607(3)(a).

For the above-stated reasons the Court will grant a dismissal with leave to amend with respect to Count Two.

### Fraudulent Concealment

Finally, the Court turns to the plaintiffs' count of fraudulent concealment. Plaintiffs contend non-disclosure can constitute fraud, even where there is no confidential or fiduciary relationship, so long as the defendant "has some superior knowledge in the matter" (plaintiffs' opposing memorandum, p. 6). They allege that American Honda had superior knowledge of the defective lighting system and lack of leg protection devices on the subject motorcycle but "chose not to warn the public and plaintiffs" of those conditions. (Complaint, ¶ 21).

■ Initially, the plaintiffs' complaint is deficient, if for no other reason, because it fails to allege any sales transaction whatever between Taylor and American Honda. The passage from Florida Jurisprudence cited by the plaintiffs in support of their theory (Fraud & Deceit § 36) led to a few arguably relevant cases, principally *Vokes v. Arthur Murray, Inc.,* 212 So.2d 906 (Fla. 2d DCA 1968) and *Ramel v. Chasebrook Constr. Co.,* 135 So.2d 876 (Fla. 2d DCA 1961),[8] but all have involved transactions for value between parties in privity. No Florida case has gone so far as to impose upon merchants a duty to disclose information to the public at large, and this Court declines to do so today.

■ Furthermore, the Court notes that although the plaintiffs have alleged in Count Four that the defendant had "superior knowledge", allegations of superior *actual* knowledge are not sufficient to state a claim of fraudulent concealment. Florida law additionally charges a claimant with knowledge of all facts that he could have learned through diligent inquiry. *Ramel v. Chasebrook Constr. Co.,* 135 So.2d at 879. In absence of a fiduciary relationship, mere non-disclosure of material facts in an arm's length transaction is ordinarily not actionable misrepresentation unless some artifice or trick has been employed to prevent the representee from making further independent inquiry, though non-disclosure of material facts may be fraudulent where the other party does not have an equal opportunity to become appraised of the facts. *Id.* at 882. *Accord Hauben v. Harmon,* 605

---

7. The Court is aware that Comment 5 to § 2–607 states that a beneficiary might properly be held to the use of good faith in notifying the seller that an injury has occurred once he becomes aware of the legal situation. Courts, however, have uniformly declined to follow the comment in cases where the beneficiary is not a "buyer", on the principal ground that the comments are not statutory and thus should not be followed where they are contrary to the plain, unambiguous language of the code provisions themselves. *Simmons v. Clemco Indus-*

tries, 368 So.2d at 514; *Frericks v. General Motors Corp.* 363 A.2d at 464. *See also McKnelly v. Sperry Corp.,* 642 F.2d 1101, 1107 and n. 9 (8th Cir.1981).

8. None of the cases dealt with fraudulent concealment in a products liability context. The Court will assume that, given the right set of facts, Florida courts would recognize such an action. *Cf. American Motors v. Ellis,* 403 So.2d 459 (Fla. 5th DCA 1981).

F.2d 920, 924 (5th Cir.1979). The plaintiffs have failed to allege any artifice or trick by the defendant, or lack of an equal opportunity to become appraised of the facts in question, and as such have failed to state an actionable claim of fraudulent concealment. The Court, therefore, will dismiss Count Four of the complaint, allowing the plaintiffs leave to amend.

It is so

ORDERED:

1. Defendant's motion to dismiss with respect to Count One, Count Three and Count Five is hereby denied.

2. Defendant's motion to dismiss with respect to Count Two and Count Four is hereby granted.

3. The dismissal of plaintiffs' complaint with respect to Count Two and Count Four is without prejudice to the right of plaintiffs to amend their complaint within twenty (20) days after the date of this order, to attempt to state claims upon which relief can be granted in accordance with Florida law. The defendant shall serve its responsive pleadings within twenty (20) days after the service of plaintiffs' amended complaint.