# SUTTON, etc., et al. v U-HAUL CO., INC.

## Case No. 85-10149-CA

Fourth Judicial Circuit, Duval County

March 10, 1986

### APPEARANCES OF COUNSEL

C. Rufus Pennington III, Margol, Fryefield & Pennington, for plaintiff.

John W. Bussey III, Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., for defendant.

### OPINION OF THE COURT

LAWRENCE D. FAY, Circuit Judge.

The defendant has moved to dismiss Count II of the Complaint which is a count for strict liability and to dismiss Count III of the

Complaint which is for breach of implied warranties. It is apparent that the cause of action alleged in the Complaint is based on events happening after the enactment of the Uniform Commercial Code in the State of Florida. Since the Court finds that Count II states a cause of action for strict liability, the remaining portion of this Order will deal with Count III, which is for breach of implied warranties.

The plaintiff relies almost entirely upon the case of *Sansing v. Firestone Tire and Rubber Co.* (Fla. App.) 354 So.2d 895. This is a decision by the District Court of Appeal of Florida, Fourth District, which did not discuss the requirements of the Uniform Commercial Code, Section 672.607(3)(a), which provides that a buyer of goods must notify the seller within a reasonable time after he discovers or should have discovered a breach of warranties, otherwise he will be barred from any remedy. In the case at hand Sutton is a lessee of the goods and U-Haul Co. is a lessor. In the State of Florida these transactions have been held to be applicable to the Uniform Commercial Code in much the same manner as sales transactions. Therefore implied warranties will apply to lease transactions and this Court finds that the particular lease transaction alleged in the Complaint is subject to the Code's provision.

In *Sansing v. Firestone Tire and Rubber Co.* the Court did not include a requirement of notice being given to the lessor to state a cause of action. In the case of *Dunham-Bush v. Thermo Air Service, Inc.*, (Fla. App.) 351 So.2d 351, the same District Court of Appeals of Florida, Fourth District, held that notice to the defendant of breach of warranty was a prerequisite to state a cause of action. In the case of *Taylor v. American Honda Motor Co.*, 555 Fed. Supp. 59, The United States District Court for the Middle District of Florida on November 1, 1982 specifically discussed applicable provisions of the Uniform Commercial Code in personal injury cases.

The Federal Court in the *Taylor* case made several observations:

(a) The Court was not aware of any post UCC cases which recognized a non-UCC action for breach of implied warranty by a retailer of goods. (For our discussion, retailer is synonymous with lessor and buyer is synonymous with lessee.)

(b) The Court having determined that the claim for breach of implied warranty is governed by the Uniform Commercial Code, the next step was to determine whether or not plaintiff falls within the class of persons to whom an implied warranty extends. The class of possible plaintiffs in a personal injury action based upon breach of a seller's implied warranty is set forth in Section 672.318 of the Florida Statutes.

That section states in part that a seller's warranty, whether express or implied, extends to any natural person who is in the family or household of his buyer, who is a guest in his home or who is an employee, servant or agent of his buyer if it is reasonable to expect that such person may use, consume or be affected by the goods or who is injured in person by breach of the warranty. In the cases under consideration all members of the Sutton family fall within the class of persons to whom an implied warranty extends.

(c) The notice to the seller of the breach of implied warranty as required by the *Dunham-Bush* case clearly applies in cases in which the buyer claims that the goods tendered by the seller are defective and the buyer seeks to avoid the contract price. Products liability actions, on the other hand, present a different problem. The cases of *Hill v. Joseph T. Ryerson and Son, Inc. v. United States Steel Corp.*, 268 S.E.2d 296 (West VA. 1980), and *Fischer v. Mead Johnson Laboratories*, 341 NYS 2d 257 held that notice is not a precondition to implied warranty liability in personal injury cases. The District Court did find, however, that the majority view requires that notice to the seller must be pled and proved in a breach of warranty action even where the claim is for personal injury. Cases from North Carolina, Illinois, and Oregon were cited by the Court.

(d) The Court concluded that plaintiffs having privity of contract with the defendant must allege compliance with the notice provision of Section 672.607(3)(a) of the Florida Statutes.

Although the Federal District Court stated that no Florida cases could be found dealing with the notice of provision, that Court was apparently in error. In 1969 the District Court of Appeal of Florida, First District, in the case of *Ford Motor Company v. Pittman*, 227 So.2d 246, held that the enactment of the Uniform Commercial Code in 1965 did not sweep away in one stroke of its legislative broom the jurisprudence of this State pertaining to the doctrine of implied warranty. That Court stated:

"And, unless the legislature has in unequivocal terms spelled out to the courts of this state that it has, by the enactment of the omnibus Uniform Commercial Code severed the implied warranty doctrine from the jurisprudence of this state, we will not be the operator of the guillotine."

The Fourth District Court of Appeal in the case of *Favors v. Firestone Tire and Rubber Co.*, (Fla. App.) 309 So.2d 69 held that the Florida cases on implied warranty prior to the adoption of the Uniform Commercial Code which became effective January 1, 1967 are still

94

applicable and that the area had not been preempted by the Uniform Commercial Code.

The purpose and effect of the Uniform Commercial Code provision requiring a buyer to give notice to the seller of a breach within reasonable time is to require that the parties act in commercially reasonable manner and to make it possible for the seller to exercise his rights to cure the defect and thereby mitigate the damages. The notice provision is applicable in a pure sales situation in a commercial setting. The reason for the notice provision does not apply in personal injury cases because once the injury occurs there is no way for the seller or lessor of the article to mitigate the damage which has already occurred to a person who has been injured.

Unless and until such time as the Supreme Court of Florida resolves the apparent conflicting holdings of the District Courts of Appeal, it is the conclusion of this Court that notice to the lessor under the facts alleged in the Complaint in this case is not a necessary element to be pled and proved. It is therefore

ORDERED AND ADJUDGED that the Motion to Dismiss Counts II and III of the Complaint is denied and the defendant shall answer within ten days from service of this Order.

DONE AND ORDERED at Jacksonville, Florida, this 10th of March, 1986.