SHEVIN, Judge.
William Parker and Taino Farms, Ltd. [“plaintiffs”], appeal a defense judgment in a legal malpractice action. We affirm.
Plaintiffs, who raise papayas in Free-port, Grand Bahamas, bought improperly treated fertilizer from Miami-Dade County. The fertilizer destroyed the crop. Plaintiffs and a lender sued the County in federal court asserting breach of contract, negligence and strict liability. Plaintiffs were represented by Graham & James [“G & J”], and Frank Sexton. At trial, the jury returned an inconsistent verdict-finding liability on all theories but awarding damages on only two. Sexton accepted the court’s offer to re-instruct the jury with the same instructions. The second verdict was also inconsistent. The trial court entered a judgment on that verdict. The Eleventh Circuit Court of Appeals reversed and remanded the case for a new damages trial, because of the confusing verdict. Overseas Private Invest. Corp. v. Metropolitan Dade County, 47 F.3d 1111 (11th Cir.1995). Plaintiffs discharged their attorneys and settled with the County.
Thereafter, plaintiffs sued G & J and Sexton in Dade County Circuit Court for malpractice asserting various deficiencies in counsel’s trial performance, including failure to proffer an adequate special verdict form with one damages question. Sexton settled with the plaintiffs. After discovery, the court granted summary judgment on that claim. At trial, the court charged the jury that G & J was liable for Sexton’s negligence, but declined to include the issue of Sexton’s separate negligence on the verdict form. The jury found that G & J was not negligent. Plaintiffs appeal.
We find no merit in plaintiffs’s issues on appeal. Notwithstanding the summary *882 judgment in G & J’s favor on the failure to proffer a proper verdict form, plaintiffs were still permitted to argue this theory extensively to the jury. Any possible error in granting the summary judgment is harmless. See Jackson v. Florida Weathermakers, Inc., 55 So.2d 575 (Fla.1951); Canto v. J.B. Ivey & Co., 595 So.2d 1025 (Fla. 1st DCA 1992); Sansing v. Firestone Tire & Rubber Co., 354 So.2d 895 (Fla. 4th DCA 1978). Therefore, reversal on this basis is not required.
Turning to plaintiffs’s second issue, the propriety of the verdict form, here, the jury was instructed to charge Sexton’s negligence to G & J, and the verdict form mirrored the instruction. Hutton v. Sussman, 504 So.2d 1372 (Fla. 3d DCA 1987). When we consider the verdict form and instructions, as a whole, it is apparent that the court did not commit reversible error in the verdict form üsed. Gallagher v. Federal Ins. Co., 346 So.2d 95 (Fla. 3d DCA 1977). Thus, this issue does not provide a basis for reversal.
Based on the foregoing, the defense judgment is
Affirmed.